OPINION
The State of Ohio appeals from an order sustaining Ernest Maze's motion to suppress evidence. The State advances two assignments of error as follows:
 1. THE COURT'S DETERMINATION THAT APPELLEE WAS UNLAWFULLY ARRESTED FOR MINOR MISDEMEANOR VIOLATIONS WHEN HE WAS PLACED IN THE REAR OF OFFICER HAINES' CRUISER IS CONTRARY TO BOTH THE EVIDENCE AND APPLICABLE LAW. THEREFORE, THE TRIAL COURT ERRED BY SUPPRESSING THE COCAINE FOUND IN THE AREA OF THE POLICE CRUISER WHERE APPELLEE HAD BEEN DETAINED.
 2. THE TRIAL COURT ERRED WHEN IT SUPPRESSED COCAINE WHICH WAS FOUND, IN PLAIN VIEW, ON THE FLOOR OF THE POLICE CRUISER IN THE AREA WHERE APPELLEE HAD BEEN SITTING.
The parties appear to agree that the second assignment of error will be sustained or overruled depending on whether the first assignment is sustained or overruled.
The facts are largely undisputed, and the issue before us is whether the facts reasonably supported the inference drawn by the trial court that Officer Haines intended to arrest Maze for two minor misdemeanors.
Officer Haines testified that on November 12, 1999, at 2:55 a.m., he stopped a car on Hoover Avenue within the City of Dayton because one headlight was out. The driver, Gary Moore, provided Haines with his driver's license and satisfactorily verified his identity. The front seat passenger, Maze, had no identification. Haines observed that Maze had an open bottle of beer near his left leg and wasn't wearing a seatbelt. Open container and seatbelt violations are both minor misdemeanors. Haines asked Maze for identification which Maze could not produce, and Haines asked Maze to step out of the car. Haines asked Maze to have a seat in the rear seat of his cruiser in order to verify his identity because he had observed a seat belt and open container violation. The rear seat compartment where Maze took a seat was locked and could not be opened from the inside. The front and rear seats of the cruiser were separated by a "cage or screen." Haines patted Maze down during which he felt suspected prescription bottles. Upon questioning by Haines, Maze said they were prescriptions that belonged to his girlfriend and upon Haines' request, permitted Haines to inspect the bottles. Haines observed that the bottles bore a female name, were for vicadin and valium, and that the number of missing pills exceeded the number of pills that had been prescribed since the prescriptions were filled. Haines also testified that Maze appeared to be intoxicated. Maze provided Haines with verifiable information about his identity. Haines returned to the car he had stopped, leaving Maze locked in the cruiser.
 Q. Now, after you recovered the bottles, what did you do next?
 A. I went back to the car that I had stopped and let the driver know that I was going to give him a warning for one headlight. Told him that he was free to go. Then, after doing that, I asked for consent to search the car.
Q. Tell the Court why you did that.
 A. Both of the gentlemen were not from the area to start with. They were giving me addresses from another county. The passenger, Mr. Maze, had what appeared to be an open container of alcohol with him, and I had already recovered drugs of abuse off him.
Moore agreed to Haines' searching the car. Haines found a crack pipe in the ashtray and proceeded to handcuff Moore, search him, and put him in another patrolman's cruiser. He recovered the crack pipe and beer bottle and returned to his cruiser to handcuff Maze. Upon opening the cruiser door, Haines observed two pieces of crack cocaine on the floorboard where Maze had been seated, and after removing Maze from the cruiser, Haines found a third piece of crack cocaine under the seat that Maze had occupied.
The trial court found that Haines had arrested Maze for the open container minor misdemeanor as of the time he placed Maze in the locked rear seat compartment of his cruiser. The trial court determined that none of the exceptions to the "no arrest for minor misdemeanor" prohibition (or "citation only" rule) of R.C. 2935.26(A) applied. Because Haines had illegally arrested Maze, the trial court ordered the cocaine suppressed, presumably as fruit of the poisonous tree.
In State v. Jones (Feb. 19, 1999), Montgomery App. No. 17382, unreported, on similar facts, we held as follows:
 Under the Fourth Amendment, a warrantless arrest must be reasonable. With so much on one side of the balance and essentially nothing on the other, the position that an arrest in violation of R.C. 2935.26
is somehow reasonable appears, to us, to be untenable. For this reason, and in accordance with the above analysis, we hold that an arrest, executed in violation of R.C. 2935.26, of one who has committed a minor misdemeanor is an unreasonable seizure against the protections of the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution.
We affirmed the suppression order in that case.
The State does not question the holding in Jones that an arrest in violation of R.C. 2935.26(A) is of constitutional dimension. Rather, the State contends that the trial court's determination that Haines' placing Maze in the locked rear seat compartment of the cruiser constituted an arrest lacks support in the evidence. The State contends that Haines merely detained Maze in so doing.
The State emphasizes the following exchange on cross-examination in arguing that Haines' intent was to detain, rather than arrest:
Q. So, you saw the neck of a brown glass bottle?
 A. I don't recall what color it was, but the bottle looked like a 40 ounce beer bottle.
Q. No label?
A. No.
 Q. And it was at that point that you made the determination that you were going to cite the passenger for open container?
 A. And, also, because he wasn't wearing a seat belt.
(Emphasis ours).
The State also argues that had Haines intended to arrest Maze, he would have handcuffed him.
The State agrees that the trial court is in the best position to resolve question of fact and evaluate the credibility of witnesses. See State v. Retherford (1994), 93 Ohio App. 586, 592. The question before us, then, is whether the evidence reasonably supports the trial court's finding that Haines intended to arrest Maze when he put him in the cruiser. Id.
The parties agree that the substantive law applicable to this situation is as stated in State v. Darrah (1980), 64 Ohio St.2d 22 at 26.
 An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested.
The focus here is on the first element, an intent to arrest.
Haines did not affirmatively state that his intent was to detain rather than arrest Maze. Rather, he gave an affirmative response to a question by defense counsel that used the word "cite." Furthermore, in common parlance, a citation may or may not be accompanied by an arrest. Thus, we are not persuaded by the above-quoted exchange that the trial court unreasonably inferred that Haines' intent was to arrest Maze. Furthermore, given the barrier between the front and back seats, little significance attached to the fact that Haines did not immediately handcuff Maze. While the State is correct that requiring a person to sit in a cruiser is not necessarily an arrest, State v. Broomfield (Sept. 13, 1996), Clark App. No. 95 CA 0103, unreported, it may nevertheless constitute an arrest if that is the officer's intent. Darrah, supra. In our judgment, the evidence did not preclude such a finding.
Assuming for the sake of argument that the evidence failed to support the trial court's finding that Haines intended to arrest Maze when he put him in his cruiser, the evidence nevertheless comfortably supports the trial court's ultimate determination that Haines unlawfully arrested Maze.
As of the time Haines left Maze locked in his cruiser and returned to the car he had stopped, Maze had provided Haines with satisfactory evidence of his identity. knowing that Maze was from another county, and intending to tell the driver, Moore, that he was free to go, Haines could only have intended that, as of that time, Maze was under arrest for two minor misdemeanors. (Although Haines testified that Maze appeared to be intoxicated, and that he "had already recovered drugs of abuse off him," the State has not asserted in its brief this testimony as an additional basis for detention. At oral argument, the State suggested that Maze's intoxication may have provided an exception to the "citation only" rule of R.C. 2935.26. While R.C. 2935.26(A)(1) provides an exception to the "citation only" rule where the offender requires medical care or is unable to provide for his own safety, the evidence of intoxication was not sufficiently developed to call this exception into play. Thus, the trial court reasonably determined that Maze had been illegally arrested, Jones, supra, and properly suppressed the cocaine that Haines later found when he returned to the cruiser. Id. We are further persuaded that Maze was under arrest at least as of the time Haines left Maze in the locked cruiser to return to the stopped car by the fact that the search of that car provided no additional evidence of criminal activity by Maze over and above what Haines was aware of when he first ordered Maze out of the car.
The assignments of error are overruled. The suppression order will be sustained.
BROGAN, J. and FAIN, J., concur.